# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STACY DODD,**<br><br>   **Plaintiff,**<br><br>vs.<br><br>**GLASSRATNER MANAGEMENT & REALTY ADVISORS, LLC,**<br><br>   **Defendant.** | **CIVIL ACTION NUMBER:**<br><br>**2:14-cv-1689-SGC** |

## PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW** the Plaintiff, Stacy Dodd (hereinafter "Plaintiff"), and respectfully submits this Brief in Opposition to the Motion for Summary Judgment (Doc. 23) and the accompanying Brief (Doc. 24) filed by Defendant GlassRatner Management & Realty Advisors, LLC ( hereinafter "Defendant"), as follows:

### INTRODUCTION

This is a slip-and-fall case. Plaintiff brings claims of negligence and wantonness against Defendant based on a premises liability theory. (Complaint, at 3-4.) The action was initially filed in the Circuit Court of Jefferson County, Alabama, but was removed to this Court pursuant to 28 U.S.C. §§ 1332 (diversity)

1

and 1441 (removal).  Defendant has filed a motion for summary judgment, alleging that (1) Plaintiff has failed to create a dispute of material fact as to the cause of her fall, (2) Plaintiff has failed to create a dispute of material fact as to whether the hazard that caused the fall was open and obvious, and (3) Defendant had no duty to warn Plaintiff of the hazard.  However, none of these arguments is availing to Defendant.

## STATEMENT OF FACTS[1]

On July 4, 2012, Plaintiff slipped and fell on some stairs at her apartment located at 2006 Wisteria Place in an apartment complex known as The Cliffs of Rocky Ridge located in Birmingham, Alabama.  (Dodd Dep., at 20, 41.)  Plaintiff had lived in the apartment since August 2011, except for a month in May, 2012.  (*Id.,* at 21-22, 24.)  The exterior steps that led down from Plaintiff's apartment to the ground floor, and which she and her children typically used to reach their car,

---

[1] Plaintiff responds to Defendants' Statement of Facts in its Brief as follows:  Plaintiff admits that she slipped and fell on some stairs at her apartment located at 2006 Wisteria Place in an apartment complex known as The Cliffs of Rocky Ridge located in Birmingham, Alabama; that she had lived at that apartment since August 2011, except for a month in May, 2012; that the exterior steps of the apartment complex were extra slippery when it rained; that the accident was caused when Plaintiff went to take her first step down the exterior stairs; that Plaintiff was placing her left foot onto the first step when her foot went out from under her causing her to fall down the stairs; that her fall began at the first step and stopped at about the second or third step from the bottom of the stairwell; that the flip flops Plaintiff was wearing were damaged during the fall; that after the fall Plaintiff had some conversation with a man who was pressure washing but that she could not recall if he was spraying water at the time she fell; that she fell on her buttocks; that the backside of her clothes were wet when she got to the bottom of the stairs; and that she noticed water on the bottom steps after her fall.  (*See* Def.'s Brief, at 2-5.)  The remainder of the alleged facts cited by Defendant are either not necessary to decide the legal

were "extra slippery when it rained," but had no other defect that was known to Plaintiff. (*Id.,* at 30-31.)

The day of the fall was sunny with no rain. (*Id.,* at 77.) However, Plaintiff observed a maintenance person pressure washing the concrete near the stair area; this gentleman came over to check on her after the accident. (*Id.,* at 53-55.) The fall occurred when Plaintiff slipped on the first step at the top of the stairs. (*Id.,* at 44.) Plaintiff had placed her left foot on the top step, and when she stepped, "it just went out from under" her. (*Id.,* at 45.) Plaintiff slid down the stairs on her buttocks, eventually stopping at the second or third step from the bottom. (*Id.,* at 46-47.) Plaintiff did not notice any water on the top step that caused her fall prior to the fall; however, she was able to determine that the top step was wet "by the time [she] got to the bottom" because "her whole backside was wet" as were her clothes. (*Id.,* at 58-59.) Plaintiff's Responses to Interrogatories also stated that the substance that caused her fall was "water." (Ex. A., at 3, Ans. 4.) Plaintiff also reported seeing water or moisture on all of the exterior steps that she could see from her resting place toward the bottom of the stairs. (Dodd Dep., at 60-61.)

---

issues presented on summary judgment or are respectfully disputed by Plaintiff's statement of

## **ARGUMENT**

I.     Summary Judgment Standard.

To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant.  *Jean–Baptiste v. Gutierrez,* 627 F.3d 816, 820 (11th Cir. 2010).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion."  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.;* Fed. R. Civ. P. 56(c)(1)(A).  Alternatively, the movant can assert, without citing to the record, that the nonmoving party "cannot produce admissible evidence to support" a material fact. Fed. R. Civ. P. 56(c)(1)(B).

If the movant meets its burden, the burden shifts to the nonmoving party to establish—with evidence beyond the pleadings—that a genuine dispute material to each of its claims for relief exists. *Celotex,* 477 U.S. at 324. A genuine dispute of material fact exists when the nonmoving party produces evidence allowing a reasonable fact finder to return a verdict in its favor.  *Waddell v. Valley Forge*

---

facts set forth in this Response.

*Dental Assocs.,* 276 F.3d 1275, 1279 (11th Cir. 2001). In other words, a plaintiff need not show that his or her evidence will entitle him or her to prevail at trial. "Rather, all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz. v. Cities Serv. Co.,* 391 U.S. 253, 288-89 (1968).

    II.    Premises Liability Standard.

In a premises-liability case, a plaintiff must prove the same elements of negligence as in any tort case: duty, breach of duty, causation, and damages. *Sessions v. Nonnenmann*, 842 So. 2d 649, 651 (Ala. 2002). Under Alabama law, "[a] store patron is generally considered a business invitee for premises-liability purposes," *Blalock v. Wal-Mart Stores E., LP*, No. 1:06cv381, 2007 WL 1412445, at *1 (M.D. Ala. May 11, 2007) (Thompson, J.)[2] The duty owed to invitees is "to exercise reasonable care to provide and maintain reasonable safe premises for the use of [ ] customers." *Denmark v. Mercantile Stores Co*., 844 So. 2d 1189, 1192 (Ala. 2002) (quoting *Maddox v. Kmart Corp*., 565 So. 2d 14, 16 (Ala. 1990)).

---

[2] Because this is a diversity case, the Court applies the substantive law of Alabama, as articulated by the state courts. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Plaintiff and Defendant appear to be in general agreement that the duty of care owed is that duty of care owed to invitees, but disagree on the application of the appropriate law to the facts presented here. (*See* Doc. 24, at 7-9.)

III.   Argument.

A.   There is Substantial Evidence (and Plaintiff is Not Speculating) that Plaintiff's Accident Was Caused by a Defect or Instrumentality at Defendant's Premises.

Defendant argues that "Plaintiff has offered no evidence as to what, if anything caused her to allegedly slip on the first step." (*See* Doc. 24, at 10.) Defendant goes on to argue that Plaintiff has merely offered "speculation" regarding the cause of the accident. (*See* Doc. 24, at 11-12.) The crux of Defendant's argument is that it would be speculating to infer that the top step upon which Plaintiff slipped was wet when Plaintiff did not observe that the step was wet prior to the fall, and testified that the "first step was wet because her clothes were wet when she came to a stop at the bottom of the stairs." (*See* Doc. 24, at 12.) Defendant itself speculates that "plaintiff may have gotten her clothes wet at the bottom of the stairs near the area where the man was pressure washing…" (*See* Doc. 24, at 12.)

Defendant attempts to rely primarily on the distinguishable case of *Manning v. Tractor Supply Co.,* No. CIV.A. 14-00366-KD-M, 2015 WL 1578158, at *4 (S.D. Ala. Apr. 9, 2015), *appeal dismissed* (June 10, 2015). In *Manning,* however, the plaintiff was unable to provide any details about her injury or how she was injured, including being unable to describe the shelf or rack that allegedly cut her, or any of its alleged defects. *Id.,* at *3. Similarly, in *Shanklin v. New Pilgrim*

6

*Towers, L.P.,* 58 So. 3d 1251, 1256-57 (Ala. Civ. App. 2010), another case cited by Defendant, the plaintiff testified that she did not know what caused her to fall, only deciding that it was the "misleveled" elevator after another resident of the facility told her that the elevator was "misleveled."

Here, in sharp contrast, Plaintiff unequivocally stated that "water" on the top step caused her fall. (*See* Ex. A, at 3, Ans. 4.) Further, despite Defendant's attempts to minimize her deposition testimony, Plaintiff testified that she realized "by the time she reached the bottom" that the top step had been wet because her clothes were wet at that time. (Dodd Dep., at 58-59.) This testimony indicates that Plaintiff was immediately aware, during the fall, of the wetness of the top step and contradicts Defendant's attempt to attribute her wet clothes to the bottom steps.

Recently, in *Hooks v. Dollar Gen. Corp.,* No. 1:14CV1053-MHT, 2015 WL 6964289, at *3–7 (M.D. Ala. Nov. 10, 2015), the court distinguished several Alabama cases (including *Ex Parte Howard L. Martin Distributing Co., Inc.,* 769 So. 2d 313, 315 (Ala. 2000) and *Brookwood Medical Ctr. v. Lindstrom*, 763 So. 2d 951 (Ala. 2000), both cited in Defendant's Brief), and held that summary judgment was not appropriate and the plaintiff's causation testimony was not unduly speculative, because the plaintiff was able to observe and identify the mechanism of injury after the fall. As the court wrote in *Hooks,* the case was distinguishable from cases where plaintiffs "believed" or "guessed" that their fall had been caused

by certain instrumentalities in certain ways:

> But she stated in her deposition that the loose ramp did cause her fall, not that she believed that it did. Although "a court may disregard [the non-moving] party's sworn testimony if the testimony is internally inconsistent" in "determining whether [that] party has created facts sufficient to defeat a motion for summary judgment," Willis v. City of Los Angeles, 57 Fed.Appx. 283, 285 (9th Cir. 2002), this principle does not warrant summary judgment in the present case. Hooks did respond with a one-word denial when initially asked whether she knew "what caused [her] to begin to fall," but a factfinder could reasonably decide to believe her later, more fully articulated testimony identifying the cause of her fall. Moreover, Hooks offered collateral support for this later statement, in testifying that after she fell, she saw a piece of concrete off to the side of the ramp. Her earlier answer might impact her credibility, but credibility determinations are not to be made at the summary-judgment stage. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
>
> In sum, a factfinder that credits Hooks's testimony could decide the case in her favor. See Lancaster v. Carnival Corp., 85 F. Supp. 3d 1341, 1346-47 (S.D. Fla. 2015) (Moore, J.) ("Although Plaintiff stated at one point in his deposition that he never saw what he tripped over, he also stated at other times that he saw the bag he tripped over and he described it in detail. Defendant argues that Plaintiff's account should be ignored because it is internally inconsistent; however, implicit in Defendant's argument is its concession that the record contains evidence that Plaintiff tripped over a piece of luggage. The inconsistency in Plaintiff's account is a credibility and fact-finding determination for the jury, but the evidence when viewed in the light most favorable to Plaintiff could lead a rational juror to conclude that Plaintiff tripped over a piece of luggage."). The issue of causation should therefore go to trial.

*Hooks,* 2015 WL 6964289, at *3–7.

Similarly, in the well-reasoned recent case of *Taylor v. Pezold Mgmt. Associates, Inc.,* No. 3:14-CV-188-WKW, 2015 WL 914906, at *1–5 (M.D. Ala. Mar. 3, 2015), the court found that the plaintiffs' causation theory was not too speculative when a four-year old child was only able to tell his parents that his penis had been hurt on a McDonald's Play Place slide and a subsequent examination showed that a bolt on the slide had come out of place, allowing a nut to protrude into the interior of the slide approximately a quarter of an inch. Again distinguishing Alabama cases like *Burlington Coat Factory* and *Ex parte Harold L. Martin,* the court held:

> The Taylors' claims present important differences from those Alabama cases finding speculation on the part of plaintiffs. Specifically, the Taylors' claims against Pezold do not rely on mere speculation as to the cause of T.T.'s injuries, but rather rely on evidence upon which a "reasonable inference" may be drawn that the protruding bolt caused T.T.'s injuries. *See Cook v. Wal–Mart Stores, Inc.,* 795 F.Supp.2d 1269, 1274–75 (M.D.Ala.2011) (distinguishing mere speculation from evidence upon which a reasonable inference may be drawn to create a genuine dispute as to a material fact). The Taylors have put forth evidence that T.T.'s front was injured while he was lying on his stomach inside the tubular slide and that a bolt—which was missing a nut and no longer secured in place—protruded a quarter of an inch from the surface of the slide. And while the Taylors did not put forth expert testimony establishing that a bolt protruding a quarter of an inch from the surface of a slide could cause the skin below a boy's abdomen to tear, such a determination would not require scientific or technical knowledge of an expert. Ultimately, the evidence put forth by the Taylors is sufficient to establish a genuine issue of material fact about whether the protruding bolt caused T.T.'s injuries, making summary judgment inappropriate.

*Taylor,* 2015 WL 914906, at *1–5.

Similarly, here, Plaintiff stated that *water* on the wet top step *did* cause her fall, and supported her contention with evidence that her clothes became wet "by the time she got to the bottom" and that she saw water or moisture on all the other steps within her view. (*See* Ex. A at 3, Ans. 4; Dodd Dep., at 58-61.) Indeed, Plaintiff's evidence is more compelling than the evidence in *Hooks,* because Plaintiff has *consistently* stated that her fall was caused by water on the top step. It also rests on the same type of "reasonable inference" permitted by *Taylor.* Plaintiff's causation testimony therefore rises well above "mere speculation" and precludes summary judgment.

> B. The issue of whether the wet step was an "open and obvious" danger is an issue for the jury in this case.

Admittedly, under Alabama law, if liquid on a floor is an open and obvious danger that reasonably should have been observed by a plaintiff, a defendant's common-law duty to warn of or eliminate that hazard is negated as a matter of law. *Arnold v. Wal–Mart Stores, Inc.,* 2009 WL 4827389, at *4 (M.D. Ala. 2009); *Jones Food Co., Inc. v. Shipman,* 981 So. 2d 355, 362 (Ala. 2006). "The test for determining whether a hazard is open and obvious is an objective one." *Arnold,* 2009 WL 4827389 at *5 (quoting *Dolgencorp, Inc. v. Taylor,* 28 So. 3d 737, 2009 WL 1643347, at *4 (Ala. 2009) (internal quotations and citations omitted). But the open and obvious question "is an affirmative defense, for which [Defendant] bears

the ultimate burden of proof." *Arnold,* 2009 WL 4827389 at *5 (quoting *Dolgencorp, Inc. v. Taylor,* 28 So. 3d 737, 2009 WL 1643347 at *4) (internal quotations omitted).³  "[Q]uestions of contributory negligence, assumption of the risk, and whether the plaintiff should have been aware of the defect, are normally questions for the jury."  *Williams v. Bruno's Inc.,* 632 So. 2d 19, 22 (Ala. 1993) (quoting *Bogue v. R & M Grocery,* 553 So. 2d 545, 547 (Ala. 1989) (internal quotations omitted).

Numerous Alabama cases have applied this approach and held that questions of openness and obviousness of a defect or danger and of an invitee's knowledge are generally not to be resolved on a motion for summary judgment. *E.g., Ex parte Kraatz,* 775 So. 2d 801 (Ala. 2000) (an unmarked speed bump that was not visible in dim light, as opposed to total darkness (which would put a person on notice of hazardous risks), was not "open and obvious" as a matter of law); *Denmark v. Mercantile Stores Co.,* 844 So. 2d 1189, 1193 (Ala. 2002) (a roll of garment bags left by mistake in the aisle of a clothing store was not "open and obvious" as a matter of law when invitee might not have seen the bags before falling); *Horne v. Gregerson's Foods, Inc.,* 849 So. 2d 173, 175–77 (Ala. Civ. App. 2002) (standing

---

³ The Middle District of Alabama has noted that the "Alabama Supreme Court has vacillated as to whether the openness and obviousness of a hazard is an affirmative defense or the negation of the duty element of the tort, and thus whether defendant or plaintiff bears the ultimate burden of proof."  *Hooks v. Dollar Gen. Corp.,* No. 1:14CV1053-MHT, 2015 WL 6964289, at *5, n.7 (M.D. Ala. Nov. 10, 2015) (internal citations and quotations omitted).  However, here, as in *Hooks,* under either standard, summary judgment is due to be denied.

water in a grocery-store aisle was not "open and obvious" as a matter of law when invitee could not see it until she was standing in it); *Howard v. Andy's Store for Men,* 757 So. 2d 1208, 1210 (Ala. Civ. App. 2000) (an engineer's testimony that an average person would not appreciate the danger posed by an uneven sidewalk was "substantial evidence" that the uneven sidewalk was not "open and obvious" as a matter of law); *Harley v. Bruno's Supermarkets, Inc.,* 888 So. 2d 525, 526 (Ala. Civ. App. 2004) (a curb painted yellow was not "open and obvious" as a matter of law when it was surrounded by fire-lane stripes, also painted yellow).

In accord with these principles, in *Humphrey v. Wal Mart Stores E., LP*, No. 2:12-CV-1786-RDP, 2013 WL 5707246, at *2–4 (N.D. Ala. Oct. 21, 2013), Judge Proctor denied summary judgment even though the *Humphrey* defendant argued that Plaintiff had never looked down and that if she had, she would have seen the large water spill at issue from at least ten to fifteen feet away. As Judge Proctor recognized, the "issue of whether Plaintiff should have been aware of the water on the floor in this case necessarily involves credibility determinations and is a question for a jury to determine." *Id.,* at *4.

Defendant's attempted reliance on *Ex parte Neese*, 819 So. 2d 584, 590 (Ala. 2001) and *Heath v. Sims Bros. Const. Co.,* 529 So. 2d 994, 996 (Ala. 1988) is misplaced because in both of those cases, the involved plaintiffs admitted that they were indeed aware of the hazard or danger. Here, in contrast, Plaintiff testified that

12

she, like the *Humphrey* defendant, did not look down to observe if the step that she slipped on was wet, and she was not aware that the step was wet before her fall. (Dodd Dep., at 59.)   Therefore, a genuine issues of material fact exists as to whether the wet step in this case was an "open and obvious danger," precluding summary judgment.

> C. Defendant had constructive notice of, and a duty to warn Plaintiff about, the wet top step.

Finally, Defendant argues that it did not have a duty to warn Plaintiff of the wet top step because, according to Defendant, "[t]here is no substantial evidence that this defendant had knowledge of the alleged wet condition of the first step prior to plaintiff's accident." (*See* Doc. 24, at 20.)   Defendant attempts to cast this as a "lack of superior knowledge" on its part, (*see* Doc. 24, at 18), which is merely a rehash of its previous "open and obvious" argument. *Cf. Cirlot v. Waffle House, Inc.,* No. 4:09-CV-01771-HGD, 2012 WL 4479234, at *5 (N.D. Ala. Sept. 20, 2012) (in premises liability case, if "superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable"). *Cirlot,* the only case cited by Defendant in support of this argument, is not applicable here; it involved an ADA non-compliant sidewalk whose hazard was "open and obvious" to any observer. *See* 2012 WL 4479234, at *5.   Plaintiff has already demonstrated in Part III(B) *supra* that the "open and obvious" nature of the wet step is one for the jury in this case.

Further, to the extent that Defendant may be attempting to argue that it had no duty to warn Plaintiff of the wet step because Defendant itself did not have knowledge or notice of the wet step, Alabama law is clear that an invitee *need not* make a prima facie showing that the premises owner knew or should have known of the defective condition at the time of the invitee's injury when the premises owner or its employees has affirmatively created the defective condition. *See, e.g., Denmark v. Mercantile Stores, Inc.,* 844 So. 2d 1189, 1192 (Ala. 2002) (customer who tripped over a roll of plastic shopping bags was not required to establish store's actual or constructive knowledge of the hazard because the store's employees created the hazard); *Wal–Mart Stores, Inc. v. Rolin,* 813 So. 2d 861, 864 (Ala. 2001) (customer who tripped over a barbecue grill that was protruding from a box was not required to establish store's actual or constructive knowledge of the dangerous condition when the store's employees created the dangerous condition); and *Wal–Mart Stores, Inc. v. McClinton,* 631 So. 2d 232, 234 (Ala. 1993) (customer who jammed his foot on a gun cabinet protruding into the store aisle was not required to establish store's actual or constructive knowledge of the hazardous condition when evidence indicated that hazardous condition was created by store's employees). *See also Humphrey*, 2013 WL 5707246, at *3 (summary judgment was not appropriate on issue of premises owner's notice of whether there was water on the floor when there was evidence that would allow the jury to

conclude that premises owner's employees were responsible for the presence of the water).

Here, the premises owner hired a property management company and relied on that management company to maintain the premises. However, this does not absolve Defendant of its duty to maintain the premises in a safe condition for its invitees. *Borden v. Consumer Warehouse Foods, Inc.,* 601 So. 2d 976, 978–79 (Ala. 1992) (summary judgment in favor of premises owner was not proper when the plaintiff allegedly slipped and fell on wet floor even though premises owner had hired another company to perform cleaning services). Ultimately, Defendant's "superior knowledge" argument is unavailing because it is a rehash of its unavailing "open and obvious argument," and to the extent that Defendant attempts to allege that it did not have actual or constructive notice of the wet step at issue here, summary judgment is inappropriate because the dangerous wet step was created by its agent.

## **CONCLUSION**

Contrary to Defendant's assertions, Plaintiff has presented more than sufficient evidence demonstrating genuine issues of material fact that would enable a reasonable jury to return a verdict in her favor in this slip-and-fall case, and Defendant is not entitled to judgment as a matter of law. Plaintiff respectfully requests that this Court *deny* summary judgment in favor of Defendant.

Respectfully submitted,

*/s/ Jessica E. Buggé*_____
Jessica E. Buggé (BUG-003)
Attorney for Plaintiff

**OF COUNSEL:**
BUGGE LAW FIRM, LLC
1400 21st Way South
Birmingham, Alabama 35205
Telephone: (205) 251-8066
Facsimile: (205) 623-0793

## CERTIFICATE OF SERVICE

I hereby certify that on this the 28th day of October, 2016, I served the foregoing on all other parties to this suit, either by filing with the CM/ECF system, by electronic mail, or by placing same in the United States Mail, properly addressed and postage prepaid:

W. Scott McGarrah, III
Teresa D. Davenport
ALLEN & NEWMAN, PLLC
Post Office Box 43548
Birmingham, AL 35243
(205) 972-8989

*/s/ Jessica E. Buggé*_____
Jessica E. Buggé (BUG-003)