## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| STACY DODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:14-cv-01689-SGC |
| | ) | |
| GLASSRATNER MANAGMENT & | ) | |
| REALTY ADVISORS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a premises liability case brought by the plaintiff, Stacy Dodd, against GlassRatner Management & Realty Advisors, LLC, the owner of an apartment building where Dodd lived. (Doc. 1-2). This matter was removed here from the Circuit Court of Jefferson County on the basis of diversity jurisdiction. (Doc. 1). The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 13). Presently pending is GlassRatner's motion for summary judgment. (Doc. 23). The motion is fully briefed and ripe for adjudication. (Docs. 24-27). For the reasons that follow, the motion is due to be denied.

## I.    FACTS

The events giving rise to this lawsuit occurred on July 4, 2012, when Dodd slipped and fell down stairs at her apartment building. (Doc. 25 at 5). Dodd's apartment was not on the ground floor; the stairs at issue led from the exterior of

her apartment to the parking lot. (*Id.* at 5-6). Although not described in the briefs, photos of the stairway reveal it is located under a covered breezeway joining two buildings. (*See* Doc. 23-6). The weather was sunny. (Doc. 25 at 6). Dodd was leaving her apartment on her way to her car, and as she placed her left foot on the tread of the top stair, "it just went out from under" her. (*Id.*). She slid down the stairs on her buttocks, coming to a stop at the second or third stop from the bottom. (*Id.*).

Dodd did not notice any water on the stairs prior to her fall, and she did not look at the top stair prior to falling. (Doc. 24 at 5-6). Dodd realized the stairs were wet because, by the time she came to a stop, her backside and clothes were wet. (*Id.*; Doc. 25 at 6). As Dodd looked around, she noticed water on all the stairs she could see. (Doc. 25 at 6; *see* Doc. 24 at 5). Dodd then saw a man using a pressure washer in the breezeway. (Doc. 24 at 4). Dodd could not see the top of the stairs from the ground-level, and she did not climb the staircase to see if the top stair tread was wet. (*Id.* at 6). When Dodd returned to the apartment approximately thirty minutes later to take photographs of the area, the stairs were dry, but the concrete pad at the bottom of the stairs was damp. (*Id.* at 4-5).

## II.    SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." FED. R. CIV. P. 56(a). To demonstrate there is a genuine dispute as to a material fact that precludes summary judgment, a party opposing a motion for summary judgment must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." FED. R. CIV. P. 56(c)(1)(A). When considering a summary judgment motion, the court must view the evidence in the record in the light most favorable to the non-moving party. *Hill v. Wal-Mart Stores, Inc.*, 510 F. App'x 810, 813 (11th Cir. 2013). "The court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3).

## III.   DISCUSSION

Under Alabama law, a tenant in an apartment complex shares the same legal rights as an invitee with respect to the common areas of the complex. *Shelton v. Boston Fin., Inc.,* 638 So. 2d 824, 825 (Ala. 1994). "A landowner owes an invitee the legal duty 'to exercise reasonable care and diligence to keep the premises in a reasonably safe condition for the uses contemplated by the invitation, and to warn the invitee of known dangers, or dangers that ought to have been known, and of which the invitee was ignorant.'" *Id.* (quoting *Lamson & Sessions Bolt Co. v. McCarty,* 173 So. 388 (1937)). To recover in a premises-liability action based on a

fall, a plaintiff must prove: (1) the fall was caused by a defect or instrumentality located on the defendant's premises; (2) the fall was the result of the defendant's negligence, and (3) that the defendant "had or should have had notice of the defect or instrumentality before the accident." *Logan v. Winn–Dixie Atlanta, Inc.,* 594 So. 2d 83, 84 (Ala. 1992). A premises owner "is not an insurer of the safety of his invitees and *res ipsa loquitur* is not applicable." *Ex parte Mountain Top Indoor Flea Market, Inc.,* 699 So. 2d 158, 161 (Ala. 1997).

GlassRatner contends it is entitled to summary judgment because: (1) Dodd's testimony that her fall was caused by the wet stairs is impermissibly speculative; (2) any water on the top step was an open and obvious hazard; and (3) GlassRatner had no duty to warn Dodd about any water on the stairs because it did not have superior knowledge of the condition. (Doc. 24 at 10-20).

A.    <u>Speculation Regarding Wet Stairs</u>

As an initial matter, a wet surface can constitute a dangerous condition giving rise to liability for an invitee's slip-and-fall injury. *See Terrell v. Warehouse Grocery*, 364 So. 2d 675, 676-77 (Ala. 1978). However, a plaintiff traveling on premises liability theories cannot speculate as to the cause of an accident. *Brookwood Med. Ctr. v. Lindstrom*, 763 So. 2d 951, 956 (Ala. 2000). When evidence gives rise to equally plausible inferences regarding the existence of a

dangerous condition, the evidence is impermissibly speculative. *Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987).

GlassRatner argues Dodd's testimony that water on the top stair caused her to fall is impermissibly speculative. This argument is based on Dodd's testimony that she never saw water on the top stair either before or after the fall. Accordingly, because *res ipsa loquitor* does not apply, GlassRatner contends Dodd has failed to establish a genuine issue of material fact as to whether water on the stairs caused her to fall. (Doc. 24 at 10-16). GlassRatner's analysis primarily focuses on *Manning v. Tractor Supply Co.,* No. 14-0366, 2015 WL 1578158 (S.D. Ala. Apr. 9, 2015), and *Shanklin v. New Pilgrim Towers, L.P.*, 58 So. 3d 1251 (Ala. Civ. App. 2010).

The plaintiff in *Manning* was an invitee injured when she was cut by something on a metal rack inside the defendant's store. However, the plaintiff did not provide any details about the mechanism of her injury, the shelf, or any alleged defect. 2015 WL 1578158 at *4 ("Manning does not remember anything about the shelf other than it had wire on it, and she was cut."). Accordingly, the district court granted the defendant's motion for summary judgment because the allegation of negligence rested "entirely on her personal and speculative belief that [the defendant] created the defective condition of the shelf or allowed it to exist." *Id.*

The plaintiff in *Shanklin* fell when she stepped into an elevator, but she did not know what caused her to fall. An individual who heard—but did not see—the plaintiff fall testified that, upon arriving at the scene, she noticed the elevator was "misleveled," such that its floor was approximately five to six inches below the surface of the hall. 58 So. 3d at 1253. The Court of Civil Appeals affirmed the trial court's grant of summary judgment, finding this after-the-fact testimony was too speculative to show the elevator's condition at the time of the fall, much less that it caused the plaintiff's fall. *Id.* at 1257.

The facts of the instant case are distinguishable from those presented in *Shanklin* and *Manning*. Unlike the plaintiff in *Manning,* Dodd has provided details regarding the defective condition and mechanism of her injury—the wet stairs. Dodd's testimony concerning the wet stairs also differentiates this case from *Shanklin*, in which the plaintiff did not know what caused her to fall. The plaintiff's testimony that the misleveled elevator caused her to fall was based solely on another witness's statement that, after the fall, the elevator was misleveled.

Here, Dodd testified that the stairs were wet, causing her to fall. Dodd's testimony was based on her observations—after she fell and came to a rest—that: (1) her clothes and backside were wet; (2) all the stairs she could see from her vantage-point were wet; and (3) a man was using a pressure-washer in the breezeway. While Dodd never actually perceived water on the top stair—the

precise instrumentality of her fall—her response to GlassRatner's interrogatory regarding the issue stated that "the substance was water." (Doc. 25-1 at 4).[1]

Strictly speaking, Dodd's testimony regarding the wetness of the top stair could be characterized as including a degree of speculation; at no time did she see or feel moisture on the top stair. However, the surrounding facts, construed in the light most favorable to Dodd, are sufficient to give rise to the reasonable inference that the top stair was wet. Moreover, the inference that the top stair was wet outweighs any inference that the top stair was dry. *See Turner*, 508 So. 2d at 254 (noting that specter of impermissible speculation only arises where the "evidence points equally to inferences" regarding the existence of a dangerous condition). Accordingly, there is a genuine issue of material fact regarding whether a wet top stair caused Dodd's fall.

### B.     Duty to Warn: Open and Obvious Condition

A premises owner has no duty to warn of open and obvious dangers and is not "liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care." *Ex parte Indus. Dist. Servs. Warehouse*, 709 So. 2d 16, 20-21 (Ala. 1997) (quoting *Quillen v.*

---

[1] GlassRatner takes issue with this response because it was made on "information and belief." (*See* Doc. 27 at 3, 5). As GlassRatner would have it, Dodd's interrogatory response necessarily means her contention that the top stair was wet is based solely on Dodd's speculation. That is one interpretation of the interrogatory response. However, it appears that Dodd's reliance on "information and belief" qualifies the precise identity of the liquid on the stairs, not whether there was liquid on the top stair.

*Quillen*, 388 So. 2d 985, 989 (Ala. 1997).  In cases where plaintiffs do not perceive a dangerous condition, Alabama courts apply an objective standard to determine whether a particular hazard is open and obvious; "the question is whether the danger should have been observed, not whether in fact it was consciously appreciated." *Jones Food Co. v. Shipman*, 981 So. 2d 355, 362 (Ala. 2006).  In order to be open and obvious, "the condition and the risk must be apparent to, and the type that would be recognized by, a reasonable person in the position of the invitee." *Hartzog v. Compass Bank*, 686 So. 2d 325, 327 (Ala. Civ. App. 1996). While GlassRatner cites cases in which courts have granted summary judgment on the grounds that dangerous conditions were open and obvious, it cites no law holding that wet surfaces are open and obvious *per se*.  (*See* Doc. 24 at 17-18) (citing *Ex parte Neese*, 819 So. 2d 584 (Ala. 2001) (upside-down wet doormat lying on a walkway was open and obvious danger); *Heath v. Sims Bros. Const. Co.*, 529 So. 2d 994 (Ala. 1988) (hole in the floor, of which the plaintiff was aware and which caused a scaffolding to fall, constituted open and obvious danger)).

The question here is whether an objectively reasonable person in Dodd's circumstances[2] would have noticed and appreciated the dangerousness of water on exterior stairs.   There is simply insufficient evidence here to make this

---

[2] While Dodd's subjective awareness of the moisture is not the question, it bears repeating that the stairway at issue is located in a covered breezeway.  Dodd testified that the stairs were often slippery when it was raining. (*See* Doc. 24 at 2).  However, it is undisputed that the weather on the day of the accident was sunny. (*See* Doc. 25 at 6)

determination as a matter of law. The summary judgment record presents a genuine issue of material fact regarding whether the top stair was wet. Other relevant facts indicating whether a reasonable person would have perceived the wet stairs—for instance, the color of the water, the depth of the water, the ability to see down the stairway from the top stair, and/or lighting conditions in the breezeway—do not appear on the record. Accordingly, there are genuine issues of material fact concerning whether the wet stairs were an open and obvious condition. *See Johnson v. Logan's Roadhouse, Inc.*, No. 14-2 037-MHH, 2016 WL 4585927, at *4 (N.D. Ala. Sept. 2, 2016).[3] Moreover, even if the record included this information, the question would likely present an issue of fact for the jury to decide. *See id.*

The parties disagree whether the openness and obviousness of a condition is: (1) an affirmative defense for which the defendant bears the burden of proof; or (2) an element of the claim for which the plaintiff bears the burden of proof. (*Compare* Doc. 25 at 13-14 *with* Doc. 27 at 9-10). Dodd's brief argues the openness or obviousness of a hazard is an affirmative defense, citing a number of

---

[3] Denying summary judgment in a slip-and-fall case arising from wet restroom floor where:

> The record does not indicate how quickly [Plaintiff] entered the restroom or how much time transpired between her first and third step. More importantly, the record does not indicate whether the bottom of the restroom door was low enough to move the water on the floor as the door opened, such that the water would have been concealed from view until a person was fully inside the restroom, beyond the door. Without knowing these facts, the Court cannot find as a matter of law that an objectively reasonable person would have seen and appreciated the danger that the water on the bathroom floor presented.

*Johnson* 2016 WL 4585927, at *4.

decisions applying Alabama law in support of her position. GlassRatner's brief quotes from *Hooks v. Dollar Gen. Corp.*, No. 14-1053, 2015 WL 6964289, at *5, n.7 (M.D. Ala. Nov. 10, 2015), which noted via footnote:

> The Alabama Supreme Court has vacillated as to whether the openness and obviousness of a hazard is an affirmative defense or the negation of the duty element of the tort, and thus whether defendant or plaintiff bears the ultimate burden of proof. *See Blalock*, 2007 WL 1412445, at *3 (observing that although *Denmark v. Mercantile Stores Co.*, 844 So. 2d 1189, 1194 (Ala. 2002), suggests that it is an affirmative defense, "this interpretation of the law [is] contradicted by more recent cases," such as *Jones*, 981 So. 2d at 361-62).

(Doc. 27 at 9). There, because the motion for summary judgment failed under either standard, the court did not reach a conclusion on the issue. *Id.*

GlassRatner relies on *Foster v. Target Stores, Inc.*, No. 14-1741-AKK, 2016 WL 3055017 (N.D. Ala. May 31, 2016), in which the plaintiff was injured after she tripped over a wheel stop in a parking lot, to support its contention that the plaintiff bears the burden of showing a dangerous condition was hidden. (Doc. 27 at 9-10) (arguing *Foster* placed the burden "on plaintiff to present substantial evidence that the defect was hidden . . . as an element of her tort claim"). However, in *Foster,* it was undisputed that: (1) the wheel stop was plainly visible; (2) the plaintiff had previously visited the location and parked in the same area; and (3) the plaintiff knew the wheel stop existed. 2016 WL 3055017 at *4. The facts here—or lack thereof—are plainly distinguishable from the facts of *Foster*. Moreover, the court does not interpret *Foster* as requiring the plaintiff to carry the initial burden of

showing a dangerous condition was hidden.[4]  Rather, the plaintiff in *Foster* merely failed to overcome the defendant's *properly supported* summary judgment argument that the wheel stop constituted an open and obvious condition.  Here, as noted above, GlassRatner has not carried its burden of showing the wet top stair was an open and obvious danger.

For the foregoing reasons, there is a genuine issue of material fact regarding whether the wet top stair constituted an open and obvious danger.

## C.　Duty to Warn: GlassRatner's Knowledge

Finally, GlassRatner contends that, because it did not have superior knowledge to Dodd concerning the wet stairs, it had no duty to warn Dodd of the condition.  (Doc. 24 at 18-20).  GlassRatner also contends that its hiring of an independent contractor to manage the company absolves it of liability for the wet stairs.  (*Id.* at 19-20).

To survive summary judgment, a plaintiff need not show a premises owner's actual or constructive knowledge of a dangerous condition where the owner's employees created the condition.  *See, e.g., Denmark v. Mercantile Stores, Inc.,* 844 So. 2d 1189, 1192 (Ala. 2002) (in these circumstances, "courts *presume*

---

[4] Likewise, any vacillations notwithstanding, the undersigned takes the Alabama Supreme Court at its word that the open and obvious inquiry is an affirmative defense under Alabama law. *Dolgencorp, Inc. v. Taylor*, 28 So. 3d 737, 742 (Ala. 2009) ("Dolgencorp's argument that the condition that caused Taylor's fall was open and obvious is an affirmative defense, for which it bears the ultimate burden of proof."); *see Johnson*, 2016 WL 4585927, at *4 (denying defendant's motion for summary judgment based on lack of evidence of an open and obvious danger).

notice").  Likewise, a premises owner's hiring of a third-party does not absolve it of maintaining a safe environment for invitees.  *Borden v. Consumer Warehouse Foods, Inc.,* 601 So. 2d 976, 978-79 (Ala. 1992).  Accordingly, GlassRatner's motion for summary judgment is due to be denied to the extent it relies on its lack of superior knowledge or its hiring of a contractor to perform maintenance.

## IV.    CONCLUSION

For all of the foregoing reasons, genuine issues of material fact preclude judgment as a matter of law in favor of GlassRatner.  Accordingly, the motion for summary judgment is **DENIED**.  (Doc. 23).

**DONE** and **ORDERED** this 18th day of August, 2017.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE